UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ALLAN DELANGE, Board of Trustees Chairman, et al., )<br>        Plaintiffs, )<br>   vs. )<br> )<br>VTS DECORATING CO. INC., VTS )<br>DECORATING INC.,VINCENT T. SMITH, )<br>individually, VINCENT T. SMITH d/b/a VTS )<br>DECORATING CO. INC., and VINCENT T. )<br>SMITH d/b/a VTS DECORATING INC., )<br>        Defendants. ) | CAUSE NO. 2:06-CV-374-TLS-PRC |

**OPINION AND ORDER**

This matter is before the Court on a Request to Set Aside Clerk's Entry of Default [DE 44], filed by Defendant Vincent T. Smith on May 4, 2009. The corporate defendants remain unrepresented in this case; accordingly, the Court finds that this motion is filed only on behalf of Defendant Vincent T. Smith individually. Plaintiffs have not filed a response to the instant motion, and the time to do so has passed.

On December 16, 2008, the Court granted the corporate Defendants an extension of time until January 16, 2009, in which to retain counsel and to file an Answer to the Amended Complaint. On January 14, 2009, the Court granted a second extension of time to March 2, 2009, for the corporate Defendants to obtain counsel and to file an Answer to the Amended Complaint. On February 25, 2009, and March 2, 2009, Defendants filed additional requests for an extension of time to obtain counsel, and on March 20, 2009, the Court granted the corporate Defendants a third extension of time to April 13, 2009, in which to retain counsel and to file an Answer to the Amended Complaint.

On March 31, 2009, Plaintiffs filed a Motion for Extension of Time to Complete Discovery in order to complete discovery that had been allegedly delayed as a result of actions by Defendants, which the Court granted, extending the discovery deadline to July 1, 2009. On April 29, 2009, Plaintiffs filed a Motion for Clerk's Entry of Default, and the Clerk of Court made a Clerk's Entry of Default against all Defendants, including Defendant Vincent T. Smith, on April 30, 2009.

In the instant motion, Defendant Vincent T. Smith asks the Court to withdraw the Entry of Default. Defendant Smith explains that the Defendants believed that they did not have to come to Court with an attorney until July 1, 2009, based on the Court's Order granting Plaintiff's Motion to Extend the Discovery Cut-Off Date and extending the discovery period to July 1, 2009. In addition, Mr. Smith represents that during the week of April 27, 2009, Defendants received new information from the Union that had an impact on his company and that a new attorney will need time to look over the new findings. Mr. Smith asks that the entry of default be set aside and that Defendants be given an opportunity to look over the new information in light of the extension until July 1, 2009, that was granted to Plaintiffs.

Federal Rule of Civil Procedure 55 provides, "The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). "A party seeking to vacate an entry of default prior to the entry of final judgment must show: (1) good cause for default; (2) quick action to correct it; and (3) meritorious defense to the complaint." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009) (internal quotation marks omitted); *see also Pretzel & Stouffer, Chtd. v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994). In this case, Mr. Smith acted quickly by moving to set aside the entry of default within less than one week. However, he has neither shown good cause for the default nor has he identified a defense of any kind to Plaintiffs' Complaint.

Defendants, including Mr. Smith, had until April 13, 2009, to file an Answer or otherwise plead in this case. Mr. Smith's general representation to the Court that, during the week of April 27, 2009, "new information was received from the Union that had a defendant[sic] impact on our company" does not constitute good cause for the default. First, the new "information" was received two weeks after Mr. Smith's Answer was due and, thus, could not have been the cause of his failure to file a responsive pleading by the April 13, 2009 deadline. Moreover, even if the information had been given to Mr. Smith prior to the deadline for him to file an Answer, Mr. Smith provides no explanation of the content of the "information" or why it precludes him from filing an Answer.

As for the requirement that the party seeking to set aside a clerk's entry of default must show a meritorious defense to the plaintiff's complaint, Mr. Smith has not offered any defense, much less a meritorious one. Mr. Smith's allusion to new information received from the Union in no way articulates the merits of a defense to Plaintiffs' Complaint.

Accordingly, the Court hereby **DENIES** the Request to Set Aside Clerk's Entry of Default [DE 44].

SO ORDERED this 5th day of June, 2009.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc: All counsel of record